In the Matter of WILLIAM H. HOLMES, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Appeal from an order

of the Supreme Court, Albany County, requiring the Motor Vehicle Accident Indemnification Corporation to accept a Notice of Intent To Make Claim filed on behalf of respondent more than 90 days after the accrual of the cause of action but within 120 days thereof. On December 5, 1960 respondent, then age 83, while crossing a street near his home sustained injuries when struck by a motor vehicle as a result of which he was hospitalized continuously for a period of 9 months. On February 11, 1961 one Joseph G. Cooke, a fellow attorney and friend of respondent, caused a summons to be served on the motorist. There was no response to the summons and on March 4, 1961 Cooke discovered that the motorist was uninsured, his insurance having been cancelled for nonpayment of premiums 8 days prior to the accident. On March 10, 1961, some 95 days after the accident, Cooke filed a Notice of Intention To Make Claim with appellant. When Cooke discovered that the appellant intended to reject the notice because it had not been filed within 90 days of the accrual of the cause of action (Insurance Law, § 608) he brought the instant proceeding to compel acceptance. Subdivision (c) of section 608 of the Insurance Law, which the court below relied upon, provides in part that the court in its discretion may compel acceptance of a Notice of Intent To Make Claim after expiration of the 90-day period where it finds claimant is mentally or physically incapacitated and is prevented from filing the claim by virtue of such disability provided such leave from the court is sought within 120 days of the accrual of the cause of action. We find ample facts in the papers before Special Term on which that court could properly compel appellant to accept the notice in the exercise of the discretion granted it by subdivision (c) of section 608. Appellant urges, however, that since respondent was represented by counsel on or before February 11, 1961, well within the 90-day period which ended on March 5, 1961, the court could not properly find that the delay in filing was caused by claimant's disability. We find no merit in this contention. While it is possible that even where disability is present delay in filing might not be attributable thereto, the fact that claimant had counsel prior to the expiration of the 90-day period does not preclude, as a matter of law, a finding that the delay was due to the disability. As the court below stated: "Certainly, the delay in action until Friday, February 11, 1961, was due entirely to the mental and physical condition of claimant. Thus more than 60 of the 90 days allotted were lost entirely due to the physical and mental condition of claimant. In such a case to say that the delay in learning of the cancellation of the insurance was the cause of the lateness in filing, is to indulge in sophistry. It may be literally true had that fact been known earlier a claim would have been filed in due season. But it cannot be said that such delay was not in fact due to the primary cause of physical and mental disability. The one followed the other but the basic reason for the delay was the physical and mental disability." Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds, and Taylor, JJ.